Anton A. Ewing (not an attorney)
3077 B Clairmont Drive, #372
San Diego, CA 92117
619-719-9640 (do not telemarket)
Email: anton@antonewing.com



**FILED**

Dec 28 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ gloriav          DEPUTY

# UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

Anton A. Ewing,

          Plaintiff,

vs.

ELEMENT SOLAR, LLC, a UTAH
LIMITED LIABILITY Company
          Defendant

Case No.:   '21 CV 2129 BEN MSB

**COMPLAINT**
  **1. 47 U.S.C. §227 (TCPA)**
  **2. PC §637.2 / 632.7 (CIPA)**
  **3. CIVIL CODE §1770(A)(22)(A)**
  **4. B&P CODE §17200**

    Plaintiff Anton A. Ewing (herein "Plaintiff" or "Ewing") brings this

Complaint for money damages and injunctive relief, demanding a trial by jury,

against Defendant ELEMENT SOLAR, LLC, a Utah limited liability company

(doing business as Element Solar)[1] to stop said defendant from violating the

---

[1] Plaintiff hereby puts Element Solar, LLC a California LLC (formed 11/19/2021), Brady Gurr, Jordan B. Stephan, JJ Holt, DJ Conner, Garrett Smith, Jarin Dana, and Sean M. Stephan on notice that they are going to be named as defendants as soon as discovery establishes a goodfaith basis that they are vicariously liable. Please review the Uniform Fraudulent Transfer Act.

COMPLAINT  1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)  4. B&P CODE §17200 - 1

21cv

Telephone Consumer Protection Act by sending telemarketing text messages and calling with prerecorded artificial voice messages to Plaintiff's cellular phone (-9640), which is registered on www.donotcall.gov (the National Do Not Call Registry) without permission and without consent of Plaintiff.   Plaintiff Ewing, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and where indicated, upon information and belief, including investigation conducted by Plaintiff[2]. Plaintiff is suing to stop Defendant's practice of sending text messages using an "automatic telephone dialing system" ("ATDS") to the cellphones of consumers nationwide without their prior express consent by obtained in injunction prohibiting violation of the TCPA; (2) stop Defendant's practice of sending repeated text messages to consumers on the National Do Not Call Registry; (3) obtain an injunction prohibiting Defendant's continued illegal efforts to send text messages to consumers; and (4) obtain redress for Plaintiff Ewing who was injured by Defendant's conduct.

**PARTIES**

1. Plaintiff Anton A. Ewing is a natural person as defined by 47 USC §153(39), and a resident of San Diego, California at all times relevant to this action.

---

[2] See 21cv-01764-GPC-BLM at PageID.1 in ECF No. 1, *Trujillo vs. Encore Live, LLC*

COMPLAINT   1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 2

21cv

Plaintiff was present in San Diego at all times relevant to this action and was also the owner and sole user of personal, private residential cellular phone number 619-719-9640[3].

2. Defendant ELEMENT SOLAR, LLC is a Utah registered company and conducts business throughout this District, in San Diego, California. Defendant ELEMENT SOLAR, LLC (herein "Element Solar) is a "person" as defined by as defined by 47 USC §153(39).

3. Defendant Element Solar is located at 2000 W. Ashton Blvd. Suite 175 Lehi, UT 84043.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). This is not a "diversity" of citizenship case. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)

5. This Court has personal jurisdiction over the Defendant since the Defendant conducts business in this District and specifically marketed to Plaintiff within this District relating to the business that it conducts here. Venue is

---

[3] For clarity, this number is not a hardwired landline.

COMPLAINT   1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 3

21cv

proper in this District because Plaintiff resides in this District and the events leading to this case occurred in this District.

6. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants[4].

7. The Court has ancillary and supplemental jurisdiction, in its discretion, over the attendant state law claims that are part of a common nucleus of operative facts. Plaintiff is suing for violation of CIPA, PC §632.7 et seq. – illegal cell phone recording, Civil Code §1770(a)(22)(A)- illegal prerecorded voice message to a cell phone and Business and Professions Code §17200 – unfair business practices by violating the above laws – civil and criminal.

8. Defendant ELEMENT SOLAR has purposefully directed its activities into California. Area code 619 is entirely within San Diego County.

---

[4] 21-cv-01204-H-WVG, PageID.3, ECF No. 1, *Benitez vs. United Debt Settlement, LLC* (SD CA 7/1/2021)

COMPLAINT  1. 47 U.S.C. §227 (TCPA)  2. PC §637.2 / 632.7 (CIPA)  3. CIVIL CODE §1770(A)(22)(A)  4. B&P CODE §17200 - 4

21cv

## INTRODUCTION

9. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020). Plaintiff is also doing his job to help stop harassing and annoying telemarketers throughout the country by filing these lawsuits.

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). Plaintiff has registered his phone many years ago.

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

13. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

14. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

15. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

16. According to online robocall tracking service "YouMail," 4 billion robocalls were placed in September 2021 alone, at a rate of 131.1 million calls per day. www.robocallindex.com.  Plaintiff still receives nearly a dozen harassing and annoying robocalls each and every day from unscrupulous businesses trying to sell auto repairs, life insurance, solar panels, credit repair, student loan assistance, and merchant cash advances to name just a few.  This must stop.

17. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.  It is unfortunate that

COMPLAINT   1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 6

21cv

making a complaint to the FCC actually results in nothing being done. The FCC simply does not have the resources to go after telemarketers.

18. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, Cutting off Robocalls (July 22, 2016), statement of FCC chairman.[5]

19. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[6]

20. In recent years a troubling trend has surfaced in the solar panel installation industry, cold calling consumers soliciting their services without their consent, including calls that are being placed to consumers that registered their phone numbers on the DNC.

21. This trend has resulted in consumers, including this Plaintiff, being bombarded by unsolicited solicitation calls without their (or his) consent and

---

[5] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[6] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

COMPLAINT  1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 7

21cv

in violation of the TCPA, in violation of CIPA, and in violation of B&P §17200 and Civil §1770.

22. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

23. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

24. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

25. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47

COMPLAINT  1. 47 U.S.C. §227 (TCPA)  2. PC §637.2 / 632.7 (CIPA)  3. CIVIL CODE §1770(A)(22)(A)  4. B&P CODE §17200 - 8

21cv

C.F.R. §64.1200(f)(12). In determining whether a communication

constitutes telemarketing, a court must evaluate the ultimate purpose of the

communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th

Cir. 2015).

26. "Neither the TCPA nor its implementing regulations 'require an explicit

mention of a good, product, or service' where the implication of an improper

purpose is 'clear from the context.'" Id. (citing *Chesbro v. Best Buy Stores,

L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

27. "'Telemarketing' occurs when the context of a call indicates that it was

initiated and transmitted to a person for the purpose of promoting property,

goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. §

64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations

Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.

Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

28. The FCC has explained that calls motivated in part by the intent to sell

property, goods, or services are considered telemarketing under the TCPA.

*See In re Rules and Regulations Implementing the Telephone Consumer

Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true

whether call recipients are encouraged to purchase, rent, or invest in

property, goods, or services during the call or in the future. *Id.*

COMPLAINT  1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4.
B&P CODE §17200 - 9

21cv

29. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

30. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

31. Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)); *Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *3 (N.D. Ill. Dec. 1, 2014) (Defendant bears the burden of showing that it obtained Plaintiff's prior express consent before sending him the text message). (*emphasis added*).

## COMMON ALLEGATIONS

32. Defendant ELEMENT SOLAR is a solar panel installation company selling its services throughout San Diego County.

33. Defendant ELEMENT SOLAR conducts business using the assumed name Element Solar Energy and owns and operates the website, www. elementsolarenergy.com as well as www.elementsolar.com.  Mr. Jared Page, an employee of Element Solar, and one of the many persons that Plaintiff was live transferred to, sent Plaintiff an email from jpage@elementsolar.com on 12/23/2021.  This is evidence of the harassing calls.

34. Defendant Element Solar was informed, in writing, by Plaintiff to preserve all evidence in this matter.

35. Defendant ELEMENT SOLAR conducts telemarketing campaigns to sell its services to consumers throughout southern California.  As part of those campaigns, unsolicited text messages are sent to cell phones of consumers across the state by and/or on behalf of Defendant ELEMENT SOLAR.

36. In placing unsolicited text messages to consumers, Defendant ELEMENT SOLAR sends or causes to be sent, multiple text messages to phone numbers that are registered on the DNC, such as Plaintiff's number (-9640).

37. In response to these text messages, Plaintiff Ewing files this lawsuit seeking injunctive relief requiring Defendant ELEMENT SOLAR to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to Plaintiff Ewing and costs ($402 filing fee plus service of process fees).

COMPLAINT   1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 11

21cv

38. Plaintiff Ewing heard a very clear "bubble popping" type sound followed by a rather long pause before the artificial-voice prerecorded message began to play on the call. Plaintiff was thereafter required to hit "1" to be transferred to a live operator so that he could attempt to ascertain the true name of the telemarketer. This happened on each and every call that Defendant made to Plaintiff.

39. Specifically, the hardware and software used by Defendant ELEMENT SOLAR and/or its agents has the capacity to store and/or produce numbers using a random or sequential number generator, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer in that it is capable of sending numerous text messages simultaneously, without human intervention.

40. The text messages were sent by or on Defendant's behalf and with its knowledge and approval. Defendant ELEMENT SOLAR knew about the messages, received the benefits of the messages, directed that the messages be sent, and/or ratified the sending of the messages.

41. All of the text messages were sent via an ATDS at the direction and oversight of Defendant ELEMENT SOLAR. Said Defendant knew about,

COMPLAINT  1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 12

21cv

directed, ratified, and benefitted from the text messages. The person on the

phone from Element Solar verified this fact while attempting to sell Plaintiff.

42. On information and belief and based on Plaintiff's vast knowledge and

experience with these types of telemarketers, the equipment used to send the

texts at issue has the capacity to use a random or sequential number

generator in the process of storing numbers from a pre-produced list for

texting at a later date.[7] Plaintiff alleges that this is exactly what Defendant

ELEMENT SOLAR has done.

43. The equipment at issue, in this case, also has the capacity to produce

telephone numbers using a random or sequential number generator.

Specifically, the texting software, by virtue of being inextricably linked to a

computer operating system, has the capacity to generate random or

sequential telephone numbers.

44. By sending unsolicited text messages as alleged herein, Defendant

ELEMENT SOLAR has caused Plaintiff  actual harm. This includes the

aggravation, nuisance, and invasions of privacy that result from the

placement of such text messages, in addition to the wear and tear on his

---

[7] 21-cv-01646-L-BLM, PageID.6, ECF No. 1, *Williams vs. Zeeto, LLC* (SD CA 9/20/21)

COMPLAINT   1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4.
B&P CODE §17200 - 13

21cv

phone, interference with the use of his phone, consumption of battery life, loss of value realized for monies he paid to his AT&T carrier for the receipt of such messages, and the diminished use, enjoyment, value, and utility of his telephone plan. Furthermore, Defendant ELEMENT SOLAR sent the messages knowing they trespassed against and interfered with Plaintiff's use and enjoyment of, and the ability to access, his phone, including the related data, software, and hardware components.

45. FCC regulations promulgated under the TCPA specifically prohibit Defendant from using an artificial or prerecorded voice to call Plaintiff's Number for the purpose of advertising or telemarketing absent Plaintiff's prior express written consent. See 47 C.F.R. § 64.1200(a)(2)[8]

## PLAINTIFF EWING'S ALLEGATIONS

46. Defendant Element Solar called or texted Plaintiff Ewing on the following dates:

    a. December 23, 2021 from 619-954-7261

    b. December 22, 2021 from 619-522-5477

    c. December 21, 2021 from 619-719-2799

---

[8] 21-cv-02040-CAB-KSC, PageID.4 in ECF No. 1, *Johnson vs. Digital Media Solutions.*

COMPLAINT  1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 14

21cv

d.  December 17, 2021 from 619-719-6281

e.  December 10, 2021 from 619-719-9638

f.  December 8, 2021 from blocked 000.000.0000

g.  December 1, 2021 from 619-719-8142

h.  November 30, 2021 from 619-798-7673

i.  November 25, 2021 from 619-798-1589

j.  November 24, 2021 from 619-719-1049

k.  November 23, 2021 from 619-719-4078

l.  November 17, 2021 from 619-719-4435

47.  The above twelve different contacts constitute distinct and separate violations of 47 USC §227(b)(1)(A), violations of 47 USC §227(c)(5), violations of B&P §17200, violations of PC §632.7, and violations of Civil Code §1770(a)(22)(A).  Each distinct and separate violation carries its own separate monetary penalty.

48.  Spoofing the prefix of 719, as well as the area code of 619, as shown above, is a standard ATDS robo-dialing technique or practice that all telemarketers use to attempt to increase the likelihood that a called person will answer the

call.  Fortunately, since the STIR/Shaken[9] laws were made effective, this scam is now significantly attenuated.

49.  Defendant Element Solar was calling to sell its solar panel services. Apparently, Defendant Element Solar thought that Plaintiff owned home. However, since Plaintiff does not own a home, this is evidence of a robo-blast, shotgun-style, random-number generation as employed by all ATDS dialing systems.  However, using an artificial prerecorded voice is just as much a violation of 47 USC §227(b) as is using an ATDS.  Either way, the Defendant is liable to Plaintiff for each call.

50.  Plaintiff Ewing registered his cell phone number on the DNC on February 16, 2012, for the express purpose that he would not receive unsolicited calls or text messages[10].  Plaintiff Ewing has gone even further to pay for various web pages informing the world of telemarketers to not call him or else they will be sued.  A simple Google.com search on 6197199640 will yield clear and convincing proof.  Moreover, Plaintiff has expressly informed over one hundred TCPA defense attorneys, in writing, across the nation to inform

---

[9] https://www.fcc.gov/call-authentication
[10] Defendant's attorney has a duty to conduct reasonable research prior to a blanket denial of allegations.  As such, Defendant's attorney has an ethical and a Rule 11 duty to go to www.donotcall.gov and type in 6197199640 to verify the registration of this phone number.

COMPLAINT   1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 16

21cv

their clients to not call Ewing for solicitation.   At the bottom of each email Plaintiff also has the following warning which he has sent to thousands of persons:

    a.  "This email does not authorize you to call me for SOLICITATION.  This email is not consent to TELEMARKET my phone number.  Any calls without express authorized consent shall be treated as a violation of 47 USC §227. All calls are recorded."

51. Plaintiff Ewing's phone number is not associated with a business and is used for personal, private residential use only.  Notwithstanding, mixed use phones are still fully protected.

52. The text messages that Plaintiff received are solicitations encouraging the purchase of Defendant ELEMENT SOLAR's services.

53. The text messages were sent by or on behalf of Defendant ELEMENT SOLAR.  The text messages were sent at Defendant ELEMENT SOLAR direction, command and control.

54. Defendant ELEMENT SOLAR expressly and overtly controlled the exact generic content of the text messages.

55. The text messages did not address Plaintiff by name.  Thus they were sent by, with and through an automatic telephone dialing system or robo-dialer.

56. Said dialing system has the capacity to store and randomly generate phone numbers and to dial those numbers without human intervention.

57. Plaintiff Ewing never provided his phone number or his consent to Defendant ELEMENT SOLAR to receive any solicitation from them or on their behalf. Prior to receiving the text messages, Plaintiff had never visited any location or internet web page owned, used, or controlled by Defendant ELEMENT SOLAR.

58. The unauthorized solicitation telephone text messages that Plaintiff received from Defendant, as alleged herein, have harmed Plaintiff Ewing in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

59. Section 310.3(b) of the TSR prohibits providing substantial assistance or support to telemarketers when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates the TSR. *United States v. Dish Network LLC*, No. 09-3073, 2017 U.S. Dist. LEXIS 85543, at *299 (C.D. Ill. June 5, 2017)

60. The phone calls placed to Plaintiff's cellular telephone, by Defendant, were placed via an "automatic telephone dialing system," ("ATDS") as defined by

47 U.S.C. §227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).  At one or

more instance during these calls, Defendant ELEMENT SOLAR utilized an

"artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A)

as well as Civil Code §1770(a)(22)(A).

61. Defendant's calls constituted calls that were not for emergency purposes as

defined by 47 U.S.C. § 227(b)(1)(A).

62. Defendant's calls were placed to a telephone number assigned to a cellular

telephone service for which Plaintiff incurs a charge for incoming calls

pursuant to 47 U.S.C. § 227(b)(1).

63. Plaintiff is not a customer of Defendant's services and has never provided

any personal information, including his cellular telephone number, to

Defendant ELEMENT SOLAR for any purpose whatsoever.  In addition,

Plaintiff told Defendant ELEMENT SOLAR at least once to stop contacting

him and Plaintiff has been registered on the Do-Not-Call Registry for at least

thirty (30) days prior to Defendant ELEMENT SOLAR contacting him.

Accordingly, Defendant ELEMENT SOLAR never received Plaintiff "prior

express consent" to receive calls using an automatic telephone dialing

system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).[11]

64. Plaintiff did not have a personal relationship with Defendant ELEMENT SOLAR at any point in time.[12]

65. Upon information and belief, Defendant ELEMENT SOLAR did not make the telephone solicitations in error.

66. When Plaintiff answered calls from Defendant ELEMENT SOLAR, he heard a prerecorded message and had to wait on the line to be transferred to a live representative.

67. Offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See* In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

68. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act

---

[11] 21-cv-01204-H-WVG at PageID.4 in ECF No. 1, *Benitez vs. United Debt Settlement, LLC.*
[12] 21-cv-01123

COMPLAINT  1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 20

21cv

of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

69. The Honorable Chief Judge Dana M. Sabraw has ruled, in *Gross vs. GG Homes,* in the Southern District of California, that the US Supreme Court's ruling in *Duguid vs. Facebook* does not apply at the motion to dismiss stage of the litigation, but is more properly applied at the Rule 56 MSJ stage.

70. The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard for pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and *pro se* pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227(b)(1)(A) and (c)(5))
### (Against Defendant ELEMENT SOLAR, LLC)

71. Plaintiff Ewing repeats and realleges paragraphs 1 through 70 of this Complaint and incorporates them by reference.

72. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

73. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

74. Defendant ELEMENT SOLAR, LLC violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry participants

COMPLAINT  1. 47 U.S.C. §227 (TCPA)  2. PC §637.2 / 632.7 (CIPA)  3. CIVIL CODE §1770(A)(22)(A)  4. B&P CODE §17200 - 22

21cv

(including Ewing) who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

75. Defendant ELEMENT SOLAR, LLC violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone text message in a 12-month period made by or on behalf of Defendant ELEMENT SOLAR, LLC in violation of 47 C.F.R. § 64.1200, as described above.

76. Defendant ELEMENT SOLAR, LLC failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing text messages using an automatic telephone dialing system; and

> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

77. As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), is entitled, *inter alia,* to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

78. Defendant ELEMENT SOLAR, LLC used an ATDS to both send text messages and to dial Plaintiff's phone number to play its artificial prerecorded voice message.

COMPLAINT   1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 23

21cv

79. By sending unsolicited text messages to Plaintiff's cellular telephone without prior express consent, and by utilizing an ATDS, Defendant ELEMENT SOLAR, LLC violated 47 U.S.C. § 227(b)(1)(A)(iii).

80. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff.

81. Defendant ELEMENT SOLAR, LLC violated 47 USC §227(b)(1)(A) by using an artificial prerecorded voice message and by sending generic unsolicited text messages with an ATDS, for which Plaintiff is entitled to $500 for each negligent violation and $1500 for each willful or knowing violation.

82. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, '*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*.'" The Report and Order, in turn, provides as follows:

"The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call

lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers."

83. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing call made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of

COMPLAINT  1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 25

21cv

the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

84. Here, Defendant ELEMENT SOLAR, LLC sent Plaintiff Ewing multiple unsolicited text messages after he had submitted valid "STOP" and "BYE" requests.

85. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**SECOND CLAIM FOR RELIEF**
**Consumer Information Privacy Act**
**(Violation of CA Penal Code §632.7 and §637.2)**
**(Against Defendant ELEMENT SOLAR, LLC)**

86. Plaintiff Ewing repeats and realleges paragraphs 1 through 70 of this Complaint and incorporates them by reference.

87. The foregoing acts and omissions of Defendant ELEMENT SOLAR, LLC constitute numerous and multiple knowing and/or willful violations of California's Invasion of Privacy Act.

88. As a result of Defendant's knowing and/or willful violations of PC §632.7 and §637.2, Plaintiff is entitled to statutory damages of $5,000 per call that was illegally recorded without Plaintiff's knowledge or consent.

89. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### THIRD CLAIM FOR RELIEF
**Consumer Legal Remedies Act**
**(Violation of CA Civil Code §1770(a)(22)(A))**
**(Against Defendant ELEMENT SOLAR, LLC)**

90. Plaintiff Ewing repeats and realleges paragraphs 1 through 70 of this Complaint and incorporates them by reference.

91. Defendant Element Solar used and employed an artificial voice, prerecorded message, without consent or permission in advance, to initiate each call to Plaintiff. There was no live person in the beginning of the calls.

92. Plaintiff suffered harm by Defendant's violation of California Civil Code §1770(a)(22)(A), inter alia, through the loss of use of his phone during each

COMPLAINT  1. 47 U.S.C. §227 (TCPA)  2. PC §637.2 / 632.7 (CIPA)  3. CIVIL CODE §1770(A)(22)(A)  4. B&P CODE §17200 - 27

21cv

call as well as annoyance and harassment caused, proximately and actually, by Defendant Element Solar.

93. Plaintiff is entitled to, and hereby seeks, both punitive and exemplary damages to send a clear message to Defendant and others like Defendant to cease and desist from violation of the law.

94. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## FOURTH CLAIM FOR RELIEF
### California Unfair Business Practices Act
### (Violation of CA B&P Code §17200)
### (Against Defendant ELEMENT SOLAR, LLC)

95. Plaintiff Ewing repeats and realleges paragraphs 1 through 70 of this Complaint and incorporates them by reference.

96. Plaintiff need not describe an unfair business practice in order to state a claim under § 17200. Rather, to state a claim for violation of Section 17200, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.' " *Lippitt v. Raymond James Fin. Servs*, 340 F.3d 1033, 1043 (9th Cir. 2004) (quoting Cal. Bus. & Prof. Code § 17200). Defendant Element Solar's unlawful, in fact criminal acts, were the violation of 47 USC §501 by calling and texting in violation of 47 USC §227. The unfair, deceptive, and

COMPLAINT  1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 28

21cv

misleading advertising was that Defendant knew that Plaintiff was on the DNC registry and that Plaintiff did not in fact own a home.

97. There are three prongs under which a claim may be established under Section 17200: unfair competition can include any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 (emphasis added); *Daro v. Superior Court*, 151 Cal. App.4th 1079, 1093, 61 Cal. Rptr. 3d 716 (2007) ("Because section 17200 is written in the disjunctive, a business act or practice need only meet one of the three criteria—unlawful, unfair, or fraudulent—to be considered unfair competition") (emphasis in original); *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 731 (9th Cir. 2007) ("[e]ach prong ... is a separate and distinct theory of liability"). Unlawful business practices include "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App.4th 832, 838-39, 33 Cal. Rptr. 2d 438 (1994); *see also State Farm Fire & Casualty Co. v. Superior Court*, 45 Cal.App.4th 1093, 1102-03, 53 Cal. Rptr. 2d 229 (1996) ("Virtually any law—federal, state or local—can serve as a predicate for a section 17200 action") (abrogated on other grounds by *Cel-Tech Communications Inc. v. Los Angeles Cellular Telephone Co*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548, 973 P.2d 527 (1999)). *J&J Sports*

COMPLAINT   1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)   3. CIVIL CODE §1770(A)(22)(A)   4. B&P CODE §17200 - 29

*Prods. v. Nguyen,* No. 13-CV-02008-LHK, 2014 U.S. Dist. LEXIS 2247, at

\*22-24 (N.D. Cal. Jan. 7, 2014)

98. Plaintiff is entitled to, and hereby seeks, both punitive and exemplary

damages to send a clear message to Defendant and others like Defendant to

cease and desist from violation of the law.

99. Plaintiff is also entitled to and seeks injunctive relief prohibiting such

conduct in the future.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Ewing, individually, prays for the following relief:

a) Damages as provided by statute and in the discretion of the Court;

b) An award of actual and/or statutory damages and costs plus treble

damages if willful or knowing violations are shown;

c) An order declaring that Defendant's actions, as set out above, violate the

TCPA;

d) As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1),

Plaintiff is entitled to and requests $500 in statutory damages, for each and

every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

e) An injunction requiring Defendant ELEMENT SOLAR, LLC to cease all

unsolicited calling  activity, and to otherwise protect Plaintiff's interests;

f) $5,000 for each call the was illegally recorded without Plaintiff's consent,

g) for exemplary and punitive damages against Defendant in an amount to be determined with exactness at trial herein; and

h) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Ewing requests a jury trial.

Dated this 26th day of December, 2021.

_____
Anton A. Ewing, Plaintiff
(not a lawyer)

COMPLAINT  1. 47 U.S.C. §227 (TCPA)   2. PC §637.2 / 632.7 (CIPA)  3. CIVIL CODE §1770(A)(22)(A)  4. B&P CODE §17200 - 31

21cv

# EXHIBIT 'A'

12/23/21, 12:10 PM                               E.Mochila Webmail

**Anton A. Ewing <anton@antonewing.com> 12/23/21 12:08**

Print    Cancel

| **From:** | Jared Page <jpage@elementsolar.com> |
|---|---|
| **To:** | seoresearchdata@gmail.com |
| **Received-On:** | Today 09:43 |
| **Subject:** | Utility Bill |
| More... | |

Please forward that bill to this email.

Thanks!

--



Jared Page
Solar Consultant

P: 801.699.3163
E: jpage@elementsolar.com
A: 2000 W Ashton Blvd. Suite 170, Lehi, UT 84043

# EXHIBIT 'B'

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, et al., | Case No.: 18cv1455-LAB (JLB) |
| Plaintiff, | |
| v. | **FINDINGS AND ADMONITION TO PLAINTIFF** |
| OASIS MEDIA, LLC, et al., | |
| Defendant. | |

After affording Plaintiffs Anton Ewing notice and an opportunity to be heard, the Court found that although he had been repeatedly ordered to obey Civil Local Rule 83.4 (concerning civility and professionalism), he repeatedly violated this rule. Ewing was discourteous and unprofessional when communicating with opposing parties and counsel; he disparaged their intelligence, ethics, and behavior; and he acted in a manner detrimental to the proper functioning of the judicial system.

Although Ewing has usually proceeded *pro se*, he is a frequent litigant, and represents to the Court that he has a J.D. from the University of Arizona College of Law. Despite his having legal training, the Court has repeatedly had to remind or order him to familiarize himself with various rules and to obey them.  He is not in the same category as ordinary civil litigants whose unfamiliarity with applicable rules is more excusable.  *See Doe v. City of Los Angeles*, 2013 WL 6019121, at

1   *15 (C.D. Cal., Nov. 13, 2013); *Phillips v. KIRO-TV, Inc.*, 817 F. Supp. 2d 1317,
2   1323 (W.D. Wash., 2011). Although Civil Local Rule 83.4 refers to the duties of
3   attorneys, Ewing must treat it as applicable to him. He is **ORDERED** to read and
4   obey it. He is also **ORDERED** to read and obey Fed. R. Civ. P. 11.

5   Specifically, Ewing is **ORDERED** to be courteous and civil in all
6   communications with opposing counsel, parties, and third parties and to refrain
7   from disparaging their intelligence, ethics, or behavior. This includes making
8   accusations for improper purposes (such as to harass, delay, or embarrass) or
9   making any accusation without first confirming that it is accurate and supported by
10  evidence. *See* Fed. R. Civ. P. 11(b)(1) and (3). In filings in this Court, he is
11  **ORDERED** not to attach or quote from private correspondence or other private
12  communications (including letters, emails, texts, or phone calls) between himself
13  and other parties or counsel, except as specifically authorized under applicable
14  rules or laws, or permitted by judicial officers of the Court. He is **ORDERED** to
15  refrain from making misrepresentations to opposing counsel or parties.

16  Several documents Ewing provided to the Court showed that he misleadingly
17  used the designation "JD" after his name, followed by a disclaimer mentioning
18  privilege and confidentiality, and citing legal authority.[1] At the hearing, Ewing
19  represented to the Court that he had stopped using this designation and would not
20  resume doing so, and the Court takes him at his word. When communicating with
21  counsel, parties, or third parties in connection with litigation, Ewing is **ORDERED**

22

23

---

24  [1] Ewing offered the explanation that this was appropriate for his work as a tax
25  preparer. But the communications had nothing to do with tax preparation. In
    context, this was likely to mislead recipients, especially non-lawyers, into believing
26  he was a lawyer. In one particularly egregious example, he did this when
27  discussing settlement with a non-lawyer. He inaccurately said the case was over
    and had been resolved in his favor, apparently to convince his opponent to make
28  a quick payment.

2

1  not use the designation "JD" after his name or otherwise suggest that he is an

2  attorney.

3       For a period of 36 months from the date this order is issued, Ewing must file

4  a copy of this order along with any new pro se pleading he files in this District.

5

6  **IT IS SO ORDERED**.

7  Dated:  May 29, 2019

8

9                                          Hon. Larry Alan Burns

10                                         Chief United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18cv1455-LAB (JLB)

# EXHIBIT 'C'



# State of Utah
## DEPARTMENT OF COMMERCE
### Division of Corporations & Commercial Code

## *Summary of Online Changes*



Business Name: ELEMENT SOLAR, LLC

Entity number: 11807393-0160

Date of Filing: 12/07/2021

**PREVIOUS Registered Principals:**    **UPDATED Registered Principals:**

**Name** ...... JORDAN B STEPHAN
**Position** .. Manager
**Address** .. 1283 N Oxborrow Dr
Lehi, UT 84043 United States

Sean M Stephan 12/07/2021

Under GRAMA (63-2-201), all registration information maintained by the Division is classified as public record. For confidentiality purposes, the business entity physical address may be provided rather than the residential or private address of any individual affiliated with the entity.



**State of Utah**
**DEPARTMENT OF COMMERCE**
**Division of Corporations & Commercial Code**

*Summary of Online Changes*



Business Name: ELEMENT SOLAR, LLC

Entity number: 11807393-0160

Date of Filing: 08/25/2020

**PREVIOUS Registered Principals:**            **UPDATED Registered Principals:**

Name ....... Sean M Stephan
Position ....Manager
Address ... 16 E. Elk Ct
            Alpine, UT 84004 United States

Sean M Stephan 08/25/2020

Underb GRAMA [63-2-201], all registration information maintained by the Division is classified as public record. For confidentiality purposes, the business entity physical address may be provided rather than the residential or private address of any individual affiliated with the entity.

File Number: 11807393

# LLC

## Certificate of Organization
## OF
## Element Solar, LLC

**The undersigned person(s) do hereby adopt the following Certificate of Organization for the purpose of forming a Utah Limited Liability Company.**

### Article I
**The name of the limited liability company is to be** Element Solar, LLC

### Article II
**The purpose or purposes for which the company is organized is to engage in:**
Solar installation services

**The Company shall further have unlimited power to engage in or to perform any and all lawful acts pertaining to the management of any lawful business as well as to engage in and to do any lawful act concerning any and all lawful business for which a Limited Liability Company may be organized under the Utah Limited Liability Company Act and any amendments thereto.**

### Article III
**The Company shall continuously maintain an agent in the State of Utah for service of process who is an individual residing in said state. The name and address of the initial registered agent shall be:**

*(Registered Agent Name & Address)*
KYBER GROUP, LLC
2084 East Montane Dr
Draper, UT, 84020



State of Utah
Department of Commerce
Division of Corporations & Commercial Code

This certifies that this registration has been filed and approved on 8, July 2020 in the office of the Division and hereby issues this Certification thereof.

JASON STERZER
Division Director

## Article IV

*Name, Street address & Signature of all members/managers*

Manager #1
KYBER GROUP, LLC
2084 East Montane Dr
Draper, UT 84020
KYBER GROUP, LLC
Signature

**DATED** 8  July, 2020.

## Article V

Management statement
This limited liability company will be managed by its Managers

## Article VI

**Records required to be kept at the principal office include, but are not limited to the following:**

### Article VI.1

A current list in alphabetical order of the full name
and address of each member and each manager.

### Article VI.2

A copy of the stamped certificate of Organization
and all *certificates of amendments thereto.*

### Article VI.3

Copies of all tax returns and financial statements
of the company for the three most recent years.

### Article VI.4

A copy of the company's operating agreement and minutes of each meeting of members.

## Article VII

**The street address of the principal place of business is:**

2000 W. Ashton Blvd. Suite 175
Lehi, UT 84043

## Article VIII

**The duration of the company shall be  99**

Under GRAMA {63-2-201}, all registration information maintained by the Division is classified as public record. For confidentiality purposes, the business entity physical address may be provided rather than the residential or private address of any individual affiliated with the entity.

# EXHIBIT 'D'

 

 Home    My Network    Jobs



# Jordan Stephan · 3rd

CEO, Element Solar

  Element Solar Energy

Lehi, Utah, United States · Contact info

500+ connections

Message   **More**

---

## Activity

1,442 followers

Posts Jordan created, shared, or commented on in the last 90 days are displayed here.

**See all activity**

---

## Experience

**Chief Executive Officer**
Element Solar Energy · Full-time
Nov 2020 – Present · 1 yr 2 mos
Lehi, Utah, United States

**Bello Solar Energy**
2 yrs

DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS134871
Cashier ID: akukura
Transaction Date: 12/28/2021
Payer Name: Anton Ewing

CIVIL FILING FEE- NON-PRISONER
 For: Anton Ewing
 Case/Party: D-CAS-3-21-CV-002129-001
 Amount:        $402.00

CREDIT CARD
 Amt Tendered:  $402.00

Total Due:      $402.00
Total Tendered: $402.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.